UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WILLIAM CRUMP, JR., #238336, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:02-cv-182 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| CHRISTOPHER DARLING, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This was a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. §1983. On July 17, 2003, this court granted defendant's motion for summary judgment and entered a judgment dismissing plaintiff's complaint without prejudice. (docket # 64). On July 8, 2005, the United States Court of Appeals issued its decision affirming this court's judgment. (docket # 69). Plaintiff did not seek further review.

On March 5, 2007, plaintiff filed the two Rule 60(b) motions now before the court. (docket #'s 73, 74). Upon review, plaintiff's motions will be denied as untimely and alternatively for lack of merit.

**1.**

District courts enjoy "broad discretion" in determining whether relief under Rule 60(b) is warranted. As a prerequisite to relief under Rule 60(b), a party must establish that the facts of this case are within one of the enumerated reasons contained in Rule 60(b). *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Plaintiff's motions make no attempt to establish that the facts

of his case fall within any particular subsection of Rule 60(b). Motions in 2007 based on subsections (1), (2), or (3) of Rule 60(b) are patently untimely given that such motions must be made not more than a year after entry of judgment. Furthermore, plaintiff's motions were not filed within the "reasonable time" after entry of judgment, the time limitation applicable the other subsections of Rule 60(b). *See Days Inns Worldwide, Inc. v. Patel*, 455 F.3d 899, 906 (6th Cir. 2006); *Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir. 1991); *see also United States v. Leprich*, 169 F. App'x 926, 932 (6th Cir. 2006); *Blachy v. Butcher*, 129 F. App'x 173, 178 (6th Cir. 2005).

**2.**

Alternatively, plaintiff's motions are denied for lack of merit. Plaintiff's first motion (docket # 73) bears the caption of this lawsuit and five others and is labeled as follows:

> PLAINTIFF'S MOTION FOR REHEARING AND CORRECTION OF ORDER'S [sic] TO PAY SECOND FILING FEES, REIMBURSEMENT/REMOVAL OF DEBTS FROM PLAINTIFF'S INSTITUTIONAL ACCOUNT FOR SECOND FILING OF COMPLAINTS AFTER DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO EXHAUST AND IMMEDIATE CONSIDERATION.

(docket # 73). Plaintiff's argument pertaining to this case appears in paragraph 2(c) which is set forth verbatim below:

> (c) CRUMP V. DARLING, 1:02-cv-182, (Assessed a $150 filing fee), later dismissed without prejudice for failure to totally exhaust by not naming Darling in one grievance. (W.D. Mich. July 17, 2003), Appeal followed 03-2086 COA affirmed erroneously and dismissed the case in accordance with the Jones-Bey opinion. This opinion conflicted with the Sixth Circuits prior panel decision in HARTSFIELD V. VIDOR, 199 F.3d 305 (6th Cir. 1999), which held that partial exhaustion was proper. This was the controlling opinion and all other panels were bound to follow that opinion according to Sixth Circuit Rule 206(c). The $105 assessed for the appeal was an abuse of authority where the appeal would have been desided in CRUMP's favor had it not been for the erroneous reliance on the invalid JONES-BEY ruling which has since been overruled.

(docket # 73, ¶ 2(c)). Plaintiff's argument, to the extent that it is intelligible, is that he should not be required to pay his $105 appellate filing fee because he believes that the decision rendered on appeal by the United States Court of Appeals for the Sixth Circuit was incorrect. Arguments concerning the "correctness" of Sixth Circuit decisions are to be made in that court or to the Supreme Court. This court does not possess appellate oversight over the Sixth Circuit. Plaintiff has not established any basis for relieving him of his obligation to pay his appellate filing fee.

Plaintiff's other Rule 60(b) motion (docket # 74) is captioned as "PLAINTIFF'S MOTION FOR REHEARING, REINSTATEMENT OF CASE, DENIAL OF SUMMARY JUDGMENT AND SET FOR TRIAL ON THE MERITS." (docket # 74). Again, plaintiff argues that this court's July 17, 2003 decision was "wrong," that the controlling decision was *Hatfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). The Sixth Circuit disagreed and affirmed this court's decision. Plaintiff does not specify any grounds for relief in subsections (1) through (5) of Rule 60(b). "[S]tricter standards" apply to motions based on Rule 60(b)(6)." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). "Indeed, relief may be granted under Rule 60(b)(6) 'only in exceptional and extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." 475 F.3d at 735. The Sixth Circuit's very recent decision in *GenCorp, Inc. v. Olin Corp.*, No. 05-4493,477 F. 3d 368, 2007 WL 437914 (6th Cir. Feb. 12, 2007), emphasized that "'there must be an end to litigation someday.'" 2007 WL 437914 at * 3 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950). "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required under Rule 60(b)(6)." *GenCorp, Inc.*, 2007 437914, at * 4 (citing *Agostinini v. Felton*, 521 U.S. 203, 239 (1997)); *Stokes*, 475 F.3d at 736. The court finds that

plaintiff is not entitled to relief from this court's July 2003 judgment.  Therefore, plaintiff's motion (docket # 74) will be denied.

## Conclusion

For the reasons set forth herein, plaintiff's motions (docket #'s 73, 74) will be denied.


Date:    March 21, 2007                    /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          CHIEF UNITED STATES DISTRICT JUDGE